## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0028-25** |
| vs. | **DECISION AND ORDER** |
| **ROLAND JUNIOR JUANILLO GUZMAN aka Roland Juanillo Guzman Jr. aka Roland Jay Guzman,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 21, 2025, for hearing on Defendant **ROLAND JUNIOR JUANILLO GUZMAN aka Roland Juanillo Guzman Jr. aka Roland Jay Guzman's** ("Defendant") Motion Requesting a Hearing to Invalidate Search Warrant and to Suppress Evidence ("Motion to Suppress"). Present were Assistant Attorney General Neil Bonavita on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Alternate Public Defender Peter J. Santos. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with one count of Possession of a Schedule II Controlled Substance with Intent to Dispense (As a First Degree Felony) and one count of Possession of a Firearm Without Valid Identification (As a Third Degree Felony).[1] (Superseding Indictment, Apr. 24,

---

[1] Defendant was initially charged with two counts of Possession of a Schedule II Controlled Substance with Intent to Dispense (As a First Degree Felony). *See* Indictment, Jan. 17, 2025; Superseding Indictment, Apr. 24,

2025). These charges stem from the discovery of 174.8 gross grams of suspected methamphetamine, drug paraphernalia and a firearm during the execution of a search warrant at Defendant's residence on January 10, 2025. (Decl. of Emily L.A. Rees, Magistrate's Compl., Jan. 11, 2025).

On May 5, 2025, Defendant filed the instant Motion. On May 13, 2025, the Government filed its Opposition. On May 16, 2025, Defendant filed his Reply.

On May 21, 2025, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

At issue before the Court is the Search Warrant issued in this matter on January 9, 2025 by Magistrate Judge Sean E. Brown. Defendant moves the Court to invalidate the search warrant "on the grounds that the affidavit in support thereof did not demonstrate that the information was independently reliable." (Mot. Suppress at 4, May 5, 2025). The Government opposes, arguing that the Magistrate Judge's decision to issue the warrant was not clearly erroneous based on the details provided in the affidavit of probable cause. (Opp'n at 3, May 13, 2025). In Reply, Defendant reasserts that "[t]he issue is whether or not the affiant represented to the court anything to support the reliability or veracity of the informants. Here they plainly did not, so it is clear error." (Reply, May 16, 2025).

"To be valid, a search warrant must be supported by an affidavit establishing probable cause. Probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *People v.*

---

2025. Defendant moved the Court to disclose the identity of three confidential informants: SOI#1; SOI#2; and GPI#24-024. *See* Mot. Disclose, Mar. 19, 2025. The Court ultimately determined that the Government did not need to disclose the identities of SOI#1 and SOI#2 but that it must provide the identity of GPI#24-024 if it wanted to move forward with the First Charge – Count One of Possession of a Schedule II Controlled Substance with Intent to Dispense (As a First Degree Felony). (Dec. & Order, Apr. 28, 2025). This count stemmed from a controlled buy operation with GPI#24-024 on January 8, 2025. *See* Superseding Indictment, Apr. 24, 2025; Decl. of Emily L.A. Rees, Magistrate's Compl., Jan. 11, 2025. The Government subsequently moved to dismiss Count One of the First Charge, which was granted by the Court. *See* Mot. Dismiss Without Prejudice Count 1 of Charge 1 and Order, May 6, 2025; Minute Entry, May 6, 2025.

*Gallo,* 2017 Guam 24 ¶ 22 (citation omitted). "The task of the issuing judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1993)). "Because an initial probable cause determination is ill-suited to the application of rigid legal rules and is to be based upon the totality of the circumstances, such a determination is generally entitled to great deference by any reviewing court." *Id.* at ¶ 23 (citations, quotation marks, and alterations omitted). "[T]he duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (quoting *Gates,* 462 U.S. at 238). Although Defendant moves the Court to focus on the issue of reliability, *see* Reply, May 16, 2025, "it is well-settled law that a showing of reliability is but one factor for consideration in determining probable cause; it is not itself a specific requirement that must be separately analyzed." *Gallo,* 2017 Guam 24 ¶ 28 (citing *Gates,* 462 U.S. at 232).

> Where an affidavit relies on hearsay, particularly from an informant, the issuing court may consider things such as the veracity or basis of knowledge of the informant. These considerations are not mutually exclusive; a weak showing of one can be balanced against a strong showing of the other. When considering veracity, a reviewing court can weigh such factors as whether the informant provided reliable information in the past, offered first-hand knowledge, was willing to reveal his or her identity, provided detailed predictive information about future events, offered admission against penal interest, and whether there was independent corroboration by the affiant. When considering the basis of affiant's knowledge, a court can weigh whether the informant is speaking from first-hand knowledge or is offering hearsay. Ultimately, facts supporting the reliability of an informant need not take any particular form.

*Id.* at ¶ 29 (citations omitted).

In *People v. Gallo,* the defendant similarly argued "there was insufficient probable cause to support the issuance of the search warrant because the affidavit in support of the warrant application relied on information from a confidential informant and the affiant did not establish the informant's reliability." 2017 Guam 24 ¶ 17. The Supreme Court of Guam ultimately found:

In reviewing the totality of the circumstances, and with proper deference to the issuing court, the reviewing court recognized that the affiant did not rely solely on the confidential informant's statement but also included information regarding the affiant's background knowledge and expertise, personal observations, and information gathered through the investigation.

Upon a review of the warrant application and supporting affidavit, we find, like the reviewing court below, that there was no clear error in the issuing court's initial probable cause determination.

*Id.* at ¶¶ 32-33.

In this case, Detective Joe G. Nucum applied for a search warrant from Magistrate Judge Sean E. Brown to search Defendant's residence and car on January 9, 2025.[2] In his affidavit in support for the search warrant, Detective Nucum included information provided by two confidential sources of information ("SOI") and information regarding a controlled buy conducted by GPD with a confidential informant, GPI#24-024. SOI#1 provided information on September 30, 2024 regarding the distribution and selling of methamphetamine at Defendant's residence. SOI#1 told GPD that he or she purchased meth more than five (5) times from Defendant in the past year and that the target location, Defendant's residence, has a "ton of traffic." On October 6, 2024, SOI#2 openly admitted to being an avid user of "ice," using it multiple times a week at different locations. These statements from SOI#1 and SOI#2 are both from their first-hand knowledge and are admissions against their penal interest. SOI#2 also provided information regarding his or her other half purchasing methamphetamine from Defendant. "Even if the reliability of a confidential source is not clearly established, the credibility of the statement is 'enhanced' when the statement gives a detailed account of events that is corroborated by the statements of other confidential informants." *United States v. Alvarez,* 358 F.3d 1194, 1203 (9th Cir. 2004) (citing *United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1566 (9th Cir.1989)). *See also United States v. Landis,* 726 F.2d 540, 543 (9th Cir. 1984) ("Interlocking tips from different confidential informants enhance the credibility of each."). GPI#24-024 took part in a controlled buy operation at Defendant's residence, which resulted in

---

[2] A copy of the affidavit for search warrant is attached to both Defendant's Motion to Suppress and the Government's Opposition.

the purchase of 1.52 gross grams of methamphetamine from Defendant. Detective Nucum wrote in his affidavit that GPD corroborated the high vehicular and foot traffic at the target location through drive-by of the target location in the months following. Detective Nucum also included information about his background as a police officer, including his relevant experience. Detective Nucum sets forth that he "has initiated, assisted, and taken major roles in extensive investigations, working with informants to gather intelligence on criminal activity, which led to multiple case closures with arrest(s) and recovery of stolen item(s)." Thus, like in *Gallo,* Detective Nucum's affidavit "did not rely solely on the confidential informant's statement but also included information regarding the affiant's background knowledge and expertise, personal observations, and information gathered through the investigation." *Gallo,* 2017 Guam 24 at ¶ 32.

Accordingly, the Court finds that Magistrate Judge Brown had a substantial basis for concluding that probable cause existed and will not invalidate the search warrant or suppress evidence.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion Requesting a hearing to Invalidate Search Warrant and to Suppress Evidence. As this matter remains in an asserted status, the Court hereby sets Jury Selection and Trial for **June 6, 2025** at **9:30 a.m.** Parties shall return for a Pre-Trial Conference on **June 4, 2025** at **10:00 a.m.**

**IT IS SO ORDERED** this 3rd day of June, 2025.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG's ATD_

JUN 0 3 2025
Date: _____ Time: _10:34a_
Evan L. Topasna
Deputy Clerk, Superior Court of Guam

*People v. Guzman*
Case No. CF0028-25
Decision and Order